1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE EASTERN DISTRICT OF CALIFORNIA

9
10 NATISHA GATLIN,

11                                                    2:15-cv-377 JAM CKD

              Plaintiff,
12
       v.
13                                                    STATUS (Pre-trial
                                                      Scheduling) ORDER
   ROBERT MCDONALD, et al.,
14
              Defendants.
15 _____/

16

17       After review of the Joint Status Report, the court makes the following order:

18                            SERVICE OF PROCESS

19       All parties defendant to this lawsuit have been served and no further service will be

20 permitted except with leave of court, good cause having been shown.

21              JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

22       No further joinder of parties or amendments to pleadings is permitted except with leave

23 of court, good cause having been shown.

24
25
                                        1
26

1                                    JURISDICTION AND VENUE

2          Jurisdiction and venue are not contested.

3                            FICTITIOUSLY-NAMED DEFENDANTS

4          This action, including any counterclaims, cross-claims, and third party complaints is

5    hereby DISMISSED as to all DOE or other fictitiously-named defendants.

6                            MOTION HEARINGS SCHEDULES

7          All dispositive motions shall be filed by **January 11, 2017.**   Hearing on such motions

8    shall be on **February 8, 2017 at 9:30 a.m.**

9    **The parties are reminded of the notice requirements as outlined in Local Rule 230(b).**

10         The time deadline for dispositive motions does not apply to motions for continuances,

11   temporary restraining orders or other emergency applications.

12         All purely legal issues are to be resolved by timely pre-trial motions.   The parties are

13   reminded that motions in limine are procedural devices designed to address the admissibility

14   of evidence and are cautioned that the court will look with disfavor upon substantive motions

15   presented at the final pre-trial conference or at trial in the guise of motions in limine.   The parties

16   are further cautioned that if any legal issue which should have been tendered to the court by

17   proper pre-trial motion requires resolution by the court after the established law and motion

18   cut-off date, substantial sanctions may be assessed for the failure to file the appropriate pre-trial

19   motion.

20         Unless prior permission has been granted, memoranda of law in support of and in

21   opposition to motions under Federal Rule of Civil Procedure 56 and 65 and any post-judgment

22   or post-trial motions are limited to twenty-five (25) pages, and reply memoranda are limited

     to ten (10) pages. Memoranda of law in support of and in opposition to all other motions are

23   limited to fifteen (15) pages, and reply memoranda are limited to five (5) pages. The parties

24   are also cautioned against filing multiple briefs to circumvent this rule.

25

26                                              2

1   A violation of this Order will result in monetary sanctions being imposed against counsel in the

2   amount of $50.00 per page and the Court will not consider any arguments made past the page

3   limit.

    Documentary evidence submitted in support of or in opposition to a motion must be separately

4   bound or placed in a binder, and exhibits must be separated with labeled tabs that extend beyond

5   the edge of the page. An Index of exhibits must also be included.

6
                                                    DISCOVERY
7
            All discovery shall be completed by **November 30, 2016**.   In this context, "completed"
8
    means that all discovery shall have been conducted so that all depositions have been taken and
9
    any disputes relative to discovery shall have been resolved by appropriate order if necessary
10
    and, where discovery has been ordered, the order has been complied with.
11
                                    DISCLOSURE OF EXPERT WITNESSES
12
            The plaintiff shall make expert witness disclosures under Fed. R. Civ. P. 26(a)(2) by
13
    **October 3, 2016**.   The defendant shall make expert witness disclosures under Fed. R. Civ. P.
14
    26(a)(2) by **October 17, 2016**.   Supplemental disclosure and disclosure of any rebuttal
15
    experts under Fed. R. Civ. P. 26(a)(2)(c) shall be made by **November 1, 2016**.
16
            Failure of a party to comply with the disclosure schedule as set forth above in all likelihood
17
    will preclude that party from calling the expert witness at the time of trial absent a showing that
18
    the necessity for the witness could not have been reasonably anticipated at the time the
19
    disclosures were ordered and that the failure to make timely disclosure did not prejudice any
20
    other party.   See Fed. R. Civ. P. 37(c).
21
            All experts designated are to be fully prepared at the time of designation to render an
22
    informed opinion, and give their reasons therefore, so that they will be able to give full and
23
    complete testimony at any deposition taken by the opposing parties.   Experts will not be
24
    permitted to testify at the trial as to any information gathered or evaluated, or opinion formed,
25

26                                                      3

1    after deposition taken subsequent to designation.

2                           JOINT MID-LITIGATION STATEMENTS

3           Not later than fourteen (14) days prior to the close of discovery, the parties shall file with

4    the court a brief joint statement summarizing all law and motion practice heard by the court as

5    of the date of the filing of the statement, whether the court has disposed of the motion at the

6    time the statement is filed and served, and the likelihood that any further motions will be noticed

7    prior to the close of law and motion.   The filing of this statement shall not relieve the parties

8    or counsel of their obligation to timely notice all appropriate motions as set forth above.

9                              FINAL PRE-TRIAL CONFERENCE

10          The final pre-trial conference is set for **March 24, 2017 at 11:00 a.m.**   In each instance

11   an attorney who will try the case for a given party shall attend the final pretrial conference on

12   behalf of that party; provided, however, that if by reason of illness or other unavoidable cir-

13   cumstance the trial attorney is unable to attend, the attorney who attends in place of the trial

14   attorney shall have equal familiarity with the case and equal authorization to make commitments

15   on behalf of the client.   All pro se parties must attend the pre-trial conference.

16          Counsel for all parties and all pro se parties are to be fully prepared for trial at the time

17   of the pre-trial conference, with no matters remaining to be accomplished except production of

18   witnesses for oral testimony.   The parties shall file with the court, no later than seven days prior

19   to the final pre-trial conference, a joint pre-trial statement.

20   Also at the time of filing the Joint Pretrial Statement, counsel

21   are requested to e-mail the Joint Pretrial Statement and any attachments in

22   Word format to Judge Mendez's assistant, Jane Klingelhoets

23   at: jklingelhoets@caed.uscourts.gov.

24          Where the parties are unable to agree as to what legal or factual issues are properly before

25

26                                              4

1   the court for trial, they should nevertheless list all issues asserted by any of the parties and

2   indicate by appropriate footnotes the disputes concerning such issues.   The provisions of Local

3   Rule 281 shall, however, apply with respect to the matters to be included in the joint pre-trial

4   statement.   Failure to comply with Local Rule 281, as modified herein, may be grounds for

5   sanctions.

6         The parties are reminded that pursuant to Local Rule 281(b)(10) and (11) they are

7   required to list in the final pre-trial statement all witnesses and exhibits they propose to offer

8   at trial, no matter for what purpose.   These lists shall not be contained in the body of the final

9   pre-trial statement itself, but shall be attached as separate documents so that the court may

10   attach them as an addendum to the final pre-trial order.   The final pre-trial order will contain

11   a stringent standard for the offering at trial of witnesses and exhibits not listed in the final pre-trial

12   order, and the parties are cautioned that the standard will be strictly applied.   On the other hand,

13   the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse

14   of the court's processes.

15         The parties are also reminded that pursuant to Rule 16, Fed. R. Civ. P., it will be their

16   duty at the final pre-trial conference to aid the court in: (a) formulation and simplification of issues

17   and the elimination of frivolous claims or defenses; (b) settling of facts which should properly

18   be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.   Counsel

19   must cooperatively prepare the joint pre-trial statement and participate in good faith at the final

20   pre-trial conference with these aims in mind.   A failure to do so may result in the imposition

21   of sanctions which may include monetary sanctions, orders precluding proof, elimination of

22   claims or defenses, or such other sanctions as the court deems appropriate.

23

24

25

26

| | |
|---|---|
| 1 | <div align="center">TRIAL SETTING</div> |
| 2 | Jury trial in this matter is set for **May 1, 2017 at 9:00 a.m.**   The parties estimate a trial |
| 3 | length of approximately 8 days. |
| 4 | <div align="center">SETTLEMENT CONFERENCE</div> |
| 5 | No Settlement Conference is currently scheduled.   If the parties wish to have a |
| 6 | settlement conference, one will be scheduled at the final pretrial conference or at an earlier time |
| 7 | upon request of the parties. |
| 8 | <div align="center">OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER</div> |
| 9 | This Status Order will become final without further Order of Court unless objection is |
| 10 | lodged within seven (7) days of the date of the filing of this Order. |
| 11 | IT IS SO ORDERED. |
| 12 | Dated: July 16, 2015 |
| 13 | /s/ John A. Mendez |
| | JOHN A. MENDEZ |
| 14 | United States District Court Judge |